IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-193-FDW-DCK

THE CHARLOTTE-MECKLENBURG
HOSPITAL AUTHORITY d/b/a
CAROLINAS HEALTHCARE SYSTEM,
CAROLINAS PHYSICIANS NETWORK,
INC., and MANAGED HEALTH
RESOURCES, INC.,

                Plaintiffs,

    v.

OPTUMHEALTH CARE SOLUTIONS,
INC.,

                Defendant.

## JOINT STIPULATED CONFIDENTIALITY ORDER

The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System, Carolinas Physicians Network, Inc., Managed Health Resources, Inc. and OptumHealth Care Solutions, Inc. stipulate and agree as follows:

1. Certain information sought or to be sought by one of the parties ("receiving party") in the course of discovery in this litigation is claimed by another party (the "producing party") to contain confidential and/or proprietary information (hereinafter "Confidential Information"). All parties have agreed to afford this Confidential Information certain protection by limiting its use and distribution, as set forth more fully below.

2. "Confidential Information," as used in this Agreement means Information designated as "Confidential" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets (i.e., any formula, pattern, device, or compilation of information which is used in one's business, and which gives an opportunity to obtain an advantage over competitors

who do not know or use such material); (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms); or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public, or that are required to be disclosed by a current or later-enacted/later-issued state statute or regulation, may not be designated as Confidential Information. .

      3. Any and all such documents and information shall be stamped or otherwise designated in writing as "Confidential" by the producing party, and shall be kept separate and inaccessible to all persons other than the receiving party, its officers, directors, employees and agents, counsel and their supporting personnel, including but not limited to paralegals, legal secretaries, data entry clerks, legal clerks and private document processing services, expert witnesses or consultants retained by the receiving party or its counsel, the Court and its staff, authors of or addressees or persons copied on any document designated as Confidential, court reporters and employees of court reporters engaged by counsel for a party to transcribe or videotape testimony in connection with this action, other witnesses who may be called to testify at deposition or hearing/trial by the receiving party, and/or other persons upon the execution of written consent by the parties (hereinafter "Authorized Persons"). In addition to written designations, Confidential Information may be designated as such orally if recorded as part of a deposition or court proceeding. Information designated as Confidential Information shall include information whether disclosed during interviews, depositions, court proceedings, settlement discussions, or in a document, answer to an interrogatory, admission, production of tangible evidence, testimony or other discovery response or objection to discovery. A producing party

shall, at the time of production of a document, designate to the other parties which documents are considered confidential by including on the document the legend "CONFIDENTIAL."

Interrogatory answers, responses to requests for admission or production, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize or contain Confidential Information may also be stamped accordingly, but, to the extent feasible, such materials shall be prepared in a manner such that Confidential Information is bound separately from that not entitled to protection.

4.  To the extent Confidential Information is attached or annexed to any filings, the Confidential Information shall either be redacted or filed under seal.

5.  The transcripts of the depositions or parts thereof for the witness who may testify on behalf of the parties as to Confidential Information shall be kept under seal, separate and inaccessible to all persons other than Authorized Persons. A portion of a transcript may be designated as "Confidential" either at the deposition, or within thirty days of the receipt of the transcript of the deposition. Any party wishing to designate a portion of a deposition transcript as Confidential shall state the basis for such designation either on the record during the deposition or in written correspondence to counsel.

6.  No Authorized Person shall copy, distribute or in any fashion disseminate or communicate Confidential Information to anyone (except another Authorized Person), and an Authorized Person shall use Confidential Information only in connection with this litigation, and for no other purpose.

7.  If the receiving party believes that a document which has been designated by the producing party as Confidential Information was designated improperly, the parties shall attempt to resolve such dispute by negotiating in good faith on an informal basis. If the parties are unable to amicably resolve their disagreements within ten days, it is expressly understood that the

receiving party may file an appropriate motion seeking an adjudication as to whether the document in question constitutes Confidential Information. The challenged designation shall remain in effect until changed by order of an appropriate tribunal or agreement of the parties.

8. At the time of hearing, counsel for the receiving party shall not oppose any motion by counsel for the producing party to exclude all persons other than Authorized Persons from the courtroom at the time testimony on Confidential Information is solicited, but the failure or refusal of the Court to grant any such motion shall not in any way or to any extent impair the receiving party's use of such documents or deposition testimony in accordance with the applicable rules.

9. Nothing in this Confidentiality Agreement shall prevent any party from using any information legally obtained from other sources who had a right to disclose that information for any purpose, even if the same information has been designated as "Confidential Information" under this Confidentiality Agreement. Likewise, nothing in this Confidentiality Agreement shall affect or restrict the rights of any party with respect to its own documents or to information obtained, developed or possessed independently of documents, transcripts, and materials afforded Confidential treatment pursuant to this Agreement.

10. In the event additional parties join or are joined in this litigation, they shall not have access to Confidential Information until the newly joined party by its counsel has executed its agreement to be fully bound by this Confidentiality Agreement.

11. It is the present intention of the parties that the provisions of this Confidentiality Agreement shall govern discovery in this proceeding. Nonetheless, each of the parties shall be entitled to seek modification of this Confidentiality Agreement for good cause by application to any appropriate tribunal on notice to the other parties.

12. The provisions of this Confidentiality Agreement shall, absent written permission of the producing party, continue to be binding throughout and after the conclusion of the litigation, including without limitation any appeals therefrom. Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of the litigation (including any potential appeals thereof), all persons having received Confidential Information shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Information, and certify that fact. Counsel for the parties shall be entitled to retain pleadings, transcripts and attorney work product (which material may include Confidential Information or references to Confidential Information) provided that such counsel, and employees of such counsel, shall not disclose such pleadings or attorney work product to any person except pursuant to court order or agreement with the party that produced the Confidential Information. All Confidential Information returned to the parties or their counsel by any tribunal likewise shall be disposed of in accordance with this paragraph.

13. Nothing in this Confidentiality Agreement shall be deemed a waiver of any objections to requests for information, including but not limited to proportionality, overbreadth, burdensomeness or irrelevance.

14. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of the receiving party, the receiving party shall promptly return to

the claiming party or person that material and/or certify that it has destroyed that material as to which the claim of inadvertent production has been made. The party returning such material may then move for an Order compelling production of the material, but the motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

The inadvertent failure to designate or withhold any information as "Confidential" will not be deemed to waive a later claim as to its Confidential nature, or to stop the producing party from designating such information as Confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as Confidential from the time the receiving party is notified in writing of the change in the designation

15. If any receiving party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this Confidentiality Agreement, seeking Confidential Information which was produced pursuant to this Confidentiality Agreement by someone other than the receiving party, the receiving party shall give prompt actual written notice, by hand, facsimile transmission, or e-mail within five business days of receipt of such subpoena, demand or legal process, to the producing party, and shall object to its production to the extent permitted by law. Should the person seeking access to the Confidential Information take action against the receiving party or anyone else covered by this Confidentiality Agreement to enforce such a subpoena, demand or other legal process, the receiving party shall respond by setting forth the existence of this Confidentiality Agreement. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Confidentiality Agreement to challenge or appeal any order requiring production of Confidential Information covered by this Confidentiality Agreement, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from any tribunal. In the event of a court order requiring production of Confidential Information,

the receiving party shall (a) furnish only that portion of the Confidential Information that it is advised by legal counsel must be furnished pursuant to the court order, and (b) give the producing party written notice of the Confidential Information to be disclosed pursuant to the court order. In the event that the request for disclosure to the receiving party requires an expedited response by the receiving party, the receiving party shall inform the producing party of the expedited disclosure timeline in its notice, and the producing party shall provide a response to the receiving party at least one day before the receiving party's response or disclosure is due.

16. Nothing in this Confidentiality Agreement shall prevent disclosure beyond the terms of this Agreement if each and every party designating the information as "Confidential" consents in writing or on the record to such disclosure, or if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing confidential information in the examination or cross- examination of witnesses, irrespective of which party produced such information.

17. Protected health information subject to the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and defined in 45 C.F.R. § 160.103 is governed by the parties' Joint Stipulation for Entry of a Qualified Protective Order under HIPAA.

18. This stipulation may be signed in counterparts, and facsimile signatures shall be acceptable as original.

**SO STIPULATED AND AGREED**:

/s/ Adam K. Doerr_____
Adam Doerr, Esquire
Mark A. Hiller, Esquire
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
(704) 377-2536
adoerr@robinsonbradshaw.com
mhiller@robinsonbradshaw.com

Mark H. Gallant, Esquire
Gregory M. Flizar, Esquire
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
 (215) 665-4136
mgallant@cozen.com
gfliszar@cozen.com

/s/Christopher M. Kelly_____
Christopher M. Kelly, Esquire
GALLIVAN, WHITE & BOYD, P.A.
6805 Morrison Blvd., Suite 200
Charlotte, NC 28210
(704) 552-1712
ckelly@gwblawfirm.com
ckelly@gwblawfirm.com

Douglass G. Hewitt, Esquire
Dan J. Hofmeister Jr., Esquire
Jeffrey Orenstein, Esquire
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL  60606
(312) 207-2828
dhewitt@reedsmith.com
dhofmeister@reedsmith.com
jorenstein@reedsmith.com

*Counsel for Plaintiffs The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System, Carolinas Physicians Network, Inc. and Managed Health Resources, Inc.*

*Counsel for Defendant OptumHealth Care Solutions, Inc.*

**SO ORDERED:**

Signed: October 4, 2016

_____
David C. Keesler
United States Magistrate Judge