IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-193-FDW-DCK

THE CHARLOTTE-MECKLENBURG
HOSPITAL AUTHORITY d/b/a
CAROLINAS HEALTHCARE SYSTEM,
CAROLINAS PHYSICIANS NETWORK,
INC., and MANAGED HEALTH
RESOURCES, INC.,
      Plaintiffs,

 v.

OPTUMHEALTH CARE SOLUTIONS,
INC.,
      Defendant.

**JOINT STIPULATED QUALIFIED PROTECTIVE ORDER UNDER HIPAA**

Plaintiffs, The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System, Carolinas Physicians Network, Inc. and Managed Health Resources, Inc. and Defendant OptumHealth Care Solutions, Inc., by their undersigned counsel, hereby file this Joint Stipulated Qualified Protective Order under HIPAA, to prevent undue use and disclosure of "protected health information" pertaining to Plaintiffs' past, present and future patients and Defendant's past, present and future insureds, and agree and request that the Court enter an Order as follows:

1. In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA") (see Pub. L. 104-191, 110 Stat. 1936), specifically 45 C.F.R. §§ 164.512(e)(1)(ii)(B) and 164.512(e)(1)(v), the Court hereby institutes a Qualified Protective Order, as that term is defined in the HIPAA regulations.

2. The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned action are hereby authorized to receive, subpoena and transmit "protected health information" ("PHI") pertaining to Plaintiffs' past, present and future patients and Defendant's past, present and future insureds (collectively, the "Insureds"), to the extent that such information is otherwise discoverable and not objectionable, subject to all conditions outlined herein.

3. For the purposes of this Order, PHI shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, PHI refers to individually identifiable health information, including demographic information, collected from an individual, that: (1) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and (2) relates to the past, present or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present or future payment for the provision of health care to an individual, and (i) that identifies the individual, or (ii) with respect to which there is a reasonable basis to believe the information can be used to identify the individual.

4. This Order is not an authorization to obtain records. All parties must fully comply with all applicable HIPAA regulations, discovery rules, statutes and precedent. Upon such compliance, all "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose PHI pertaining to Insureds, to the attorneys for the parties now of record in this litigation or who may become of record in the future.

5. The parties and their attorneys shall be permitted to use and disclose PHI pertaining to Insureds solely for the matters reasonably connected with this litigation. Permitted disclosures may be made in this litigation to: the receiving party, its officers, directors, employees and agents,

counsel and their supporting personnel, including but not limited to paralegals, legal secretaries, data entry clerks, legal clerks and private document processing services, expert witnesses or consultants retained by the receiving party or its counsel, the Court and its staff, authors of or addressees or persons copied on any document designated as Confidential, court reporters and employees of court reporters engaged by counsel for a party to transcribe or videotape testimony in connection with this action, and/or other witnesses who may be called to testify at deposition or hearing/trial by the receiving party. The recipients of PHI pertaining to Insureds shall maintain it as confidential and are prohibited from using or disclosing it for any purpose other than in this litigation.

Furthermore, any witness who is not an officer, director, or employee of any of the parties to this litigation, any expert, consultant, or employee of any such expert or consultant, and any employee of a third-party contractor providing document processing services, who is to be provided or shown PHI in the course of this litigation, must first receive a copy of this Order and execute a copy of the Affidavit attached hereto as **Exhibit A**.

6. Except as otherwise provided in this paragraph, within 60 days after this proceeding ends, each party shall destroy all originals and copies of all PHI received from the other party, in whole or in part, in its possession, custody, or control. Upon written request, a party shall certify that it has complied with this paragraph. This paragraph, however, does not require the destruction of a working set of pleadings, orders, motions, or briefs for counsels' files.

7. Nothing contained in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations or attorney-client communications. Moreover, the parties may seek additional protection from the disclosure and use of any documents and information for which they believe

this Order does not provide adequate protection or with respect to documents and information which they believe are not subject to disclosure pursuant to applicable statutes, rules, regulations or other applicable law.

**WHEREFORE**, The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System, Carolinas Physicians Network, Inc., Managed Health Resources, Inc. and OptumHealth Care Solutions, Inc. respectfully request that the Court enter a Qualified Protective Order in substantially the form described above.

**SO STIPULATED AND AGREED**:

/s/Adam K. Doerr
Adam Doerr, Esquire
Mark A. Hiller
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
(704) 377-2536
adoerr@robinsonbradshaw.com
mhilller@robinsonbradshaw.com

Mark H. Gallant, Esquire
Gregory M. Flizar, Esquire
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-4136
mgallant@cozen.com
gfliszar@cozen.com

*Counsel for Plaintiffs The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System, Carolinas Physicians Network, Inc. and Managed Health Resources, Inc.*

/s/Christopher M, Kelly
Christopher M. Kelly, Esquire
GALLIVAN, WHITE & BOYD, P.A.
6805 Morrison Blvd., Suite 200
Charlotte, NC 28210
(704) 552-1712
ckelly@gwblawfirm.com

Douglass G. Hewitt, Esquire
Dan J. Hofmeister Jr., Esquire
Jeffrey Orenstein, Esquire
REEDSMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
(312) 207-2828
dhewitt@reedsmith.com
dhofmeister@reedsmith.com
jorenstein@reedsmith.com

*Counsel for Defendant OptumHealth Care Solutions, Inc.*

**SO ORDERED:**

Signed: October 4, 2016

David C. Keesler
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-193-FDW-DCK**

**THE CHARLOTTE-MECKLENBURG
HOSPITAL AUTHORITY d/b/a
CAROLINAS HEALTHCARE SYSTEM,
CAROLINAS PHYSICIANS NETWORK,
INC., and MANAGED HEALTH
RESOURCES, INC.,**
                        **Plaintiffs,**

    v.

**OPTUMHEALTH CARE SOLUTIONS,
INC.,**
                        **Defendant.**

## AFFIDAVIT

This is to certify that the undersigned has read and is fully familiar with the provisions of the Qualified Protective Order ("Order") entered on _____ in the above captioned action. As a condition precedent to my receipt and examination of Protected Health Information disclosed pursuant to the Order, or my obtaining any information derived from Protected Health Information, I hereby agree that the Order shall be deemed to be directed to and shall, include me, and that I shall be bound by, observe, and comply with the provisions of the Order. I further agree that I shall be subject to applicable enforcement and jurisdiction for any violation or attempted violation of the provisions of the Order. I make this Affidavit subject

to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities.

_____
Name (Signature)

_____
Name (Printed)

_____
Relationship to or interest in this Case

Dated: _____